UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

NATHAN OTTERSON,

                            Plaintiff,

   -against-

GOLD COAST FREIGHTWAYS, INC.
and RAUL SOTO,

                          Defendants.

-------------------------------------------------------------------X

Civil Action No.:
1:08-CV-4216

**VERIFIED ANSWER**

Defendants, GOLD COAST FREIGHTWAYS, INC. and RAUL SOTO, by their

attorneys, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, answer the

plaintiff's Verified Complaint, upon information and belief as follows:

     1.     Defendants deny knowledge or information sufficient to form a belief as

to the truth of the allegations contained in paragraph "1" of the Verified Complaint.

     2.     Defendants deny the allegations contained in paragraph "2" of the Verified

Complaint.

     3.     Defendants deny knowledge or information sufficient to form a belief as

to the truth of the allegations contained in paragraph "3" of the Verified Complaint and

refer questions of law to the Court.

     4.     Defendants deny knowledge or information sufficient to form a belief as

to the truth of the allegations contained in paragraph "4" of the Verified Complaint and

refer questions of law to the Court.

2009839.1

5.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of the Verified Complaint and refer questions of law to the Court.

6.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the Verified Complaint and refer questions of law to the Court.

7.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "7" of the Verified Complaint and refer questions of law to the Court.

8.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of the Verified Complaint and refer questions of law to the Court.

9.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of the Verified Complaint and refer questions of law to the Court.

10.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the Verified Complaint.

11.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the Verified Complaint and refer questions of law to the Court.

12.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "12" of the Verified Complaint.

13.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "13" of the Verified Complaint

14.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14" of the Verified Complaint

15.    Defendants deny the allegations contained in paragraph "15" of the Verified Complaint and refer questions of law to the Court.

16.    Defendants deny the allegations contained in paragraph "16" of the Verified Complaint and refer questions of law to the Court.

17.    Defendants deny the allegations contained in paragraph "17" of the Verified Complaint and refer questions of law to the Court.

18.    Defendants deny the allegations contained in paragraph "18" of the Verified Complaint and refer questions of law to the Court.

19.    Defendants deny the allegations contained in paragraph "19" of the Verified Complaint and refer questions of law to the Court.

20.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "20" of the Verified Complaint and refer questions of law to the Court.

21.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "21" of the Verified Complaint and refer questions of law to the Court.

22.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "22" of the Verified Complaint and refer questions of law to the Court.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

23.     That any injuries sustained or suffered by plaintiff, as stated in the

Verified Complaint herein, were caused in whole or in part by the comparative/

contributory negligence of the plaintiff.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

24.     If plaintiff did not sustain a serious injury as defined in §5101 of the

Insurance Law, then plaintiff's exclusive remedy is limited to the benefits and provisions

of Article 51 of the Insurance Law.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

25.     If plaintiff did sustain an economic loss in excess of "basic economic loss"

as defined in § 5102(a) of the Insurance Law, then plaintiff's exclusive remedy is limited

to the benefits and provisions of Article 51 of the Insurance Law.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

26.     To the extent that plaintiff recover any damages for the cost of medical

care, dental care, custodial care or rehabilitative services, loss of earnings and/or other

economic loss, the amount of the award shall be reduced by the sum total of all collateral

reimbursements, from whatever source, whether it be insurance, social security payments,

workers' compensation, employee benefits or other such programs, in accordance with

the provisions of CPLR §4545.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

27.     The plaintiff's Complaint fails to state a cause of action upon which relief

can be granted.

2009839.1

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

28.      Plaintiff assumed the risk of all the dangers intended upon the activity upon which plaintiff was engaged at the time of the alleged accident and is therefore barred from recovering on the claim asserted.  That all the damages and risk incident to the situation mentioned in the Verified Complaint were open, obvious and apparent, and were known and assumed by plaintiff.  In assuming the risks attendant with his conduct, Plaintiff failed to act as reasonable and prudent person with regard to his own safety and well being.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

29.      Plaintiff's condition complained of was not brought about by any negligence on the part of this answering defendant, but rather was due to the physical condition, illness, contributing negligence, and/or culpable conduct attributing to the plaintiff, NATHAN OTTERSON, and that by reason thereof, the amount of damages recoverable, if any, shall be diminished in whole or in part by that portion which the culpable conduct attributed to the plaintiff bears to the alleged conduct of these defendants which allegedly caused the damages.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

30.      If plaintiff sustained the injuries and damages alleged in the Verified Complaint, said injuries are the result of some independent intervening cause over which the defendants had no control.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

31.      The plaintiff's Verified Complaint lacks personal jurisdiction due to defective service.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

32.    The answering defendants assert that they may have additional affirmative

defenses that cannot now be articulated because plaintiff's Complaint does not describe

the matters with sufficient particularity to enable the answering defendants to determine

all the defenses it may have.  The answering defendants, therefore, fully reserve their

right to assert additional defenses as the precise nature of the Complaint is ascertained

upon further investigation and discovery.

WHEREFORE, defendants, GOLD COAST FREIGHTWAYS, INC. and RAUL

SOTO, demand judgment dismissing the plaintiff's Verified Complaint in its entirety,

together with costs, expenses and disbursements incurred in the defense of this action.

Dated:  White Plains, NY
         June 4, 2008

                                Yours, etc.

                                WILSON, ELSER, MOSKOWITZ,
                                EDELMAN & DICKER LLP

                                By: _____
                                    David M. Bordoni
                                Attorneys for Defendants
                                GOLD COAST FREIGHTWAYS, INC.
                                and RAUL SOTO
                                3 Gannett Drive
                                White Plains, New York  10604
                                (914) 323-7000
                                File No.:  00775.00062

To:    EDELMAN & EDELMAN, P.C.
       Attorneys for plaintiff
       61 Broadway, Suite 3010
       New York, NY  10006
       (212) 943-1200

## ATTORNEY'S VERIFICATION

DAVID M. BORDONI, aware of the penalties of perjury, pursuant to CLPR §

2106, affirms that she is an attorney associated with the attorneys for the defendants,

GOLD COAST FREIGHTWAYS, INC. and RAUL SOTO, that he has read the

foregoing **ANSWER** and knows the contents thereof; that the contents are true to his own

knowledge, except as to those matters stated to be upon information and belief, and as to

those matters, she believes same to be true.

This verification is made by your affirmant and not by the defendants herein as

the defendants are not within the County of Westchester, which is the County wherein

your affirmant and the defendants' attorney maintain their offices.

The source of your affirmant's information and belief are from the memoranda,

documents, reports and other related records in the file pertaining to the action, which file

is in your affirmant's possession.

Dated:　White Plains, New York
　　　　　June 4, 2008

David M. Bordoni (DMB-1084)

2009839.1

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK                          )
                                           ) SS.:
COUNTY OF WESTCHESTER                       )

I, LISA JORDAN, being sworn, say:

I am not a party to the action, am over the age of 18 years of age and reside in Yorktown Heights, New York.  On June 4, 2008, I served the within **VERIFIED ANSWER** by depositing a true copy thereof enclosed in a postpaid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

TO:
EDELMAN & EDELMAN, P.C.
Attorneys for plaintiff
61 Broadway, Suite 3010
New York, NY  10006
(212) 943-1200

_____
LISA JORDAN

Sworn to before me this
4th day of June, 2008

_____
Notary Public

EMILIA P. BINGAY
Notary Public, State of New York
No. 60-4749786
Qualified in Westchester County
Commission Expires October 31, 2009

2009839.1